UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Adria English <br><br> Plaintiff, <br><br> vs. <br><br> Sean Combs, et. al. <br><br> Defendants. | Civil Action No. 24-CV-05090-AT |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO WITHDRAW AS COUNSEL OF RECORD**

By:
Ariel Mitchell-Kidd, Esq.
The Law Office of Ariel Mitchell, P.A.
500 NW 2nd Ave., #12864
Miami, FL 33101
P: 305-903-5835

Steven A. Metcalf II, Esq.
Metcalf & Metcalf, P.C.
99 Park Ave, Suite 810
New York, NY 10016
646-253-0514

1

The Law Office of Ariel Mitchell, P.A., Ariel Mitchell-Kidd, Esq., Metcalf & Metcalf and Steven Metcalf II, Esq. (collectively, "Attorneys") respectfully submit this Memorandum of Law in support of its Motion, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for Plaintiff Adria English ("Plaintiff").

**PRELIMINARY STATEMENT**

Attorneys respectfully moves the Court to withdraw them as counsel for Plaintiff at this early phase of this case—based on numerous "satisfactory reasons" for withdrawal under Local Civil Rule 1.4. First, the Plaintiff has provided conflicting instructions that make it unreasonably difficult for Attorneys to effectively represent the Plaintiff. Second, there has been a breakdown in the Attorney-Client relationship between Attorneys and the Plaintiff. Third, there are irreconcilable differences with Attorneys and Plaintiff. Fourth, Plaintiff violated an Agreement between Plaintiff and Counsel signed on Tuesday, September 24, 2024 on Thursday, September 26, 2024.[1] Under these circumstances, it is impossible for Attorneys to serve as the Plaintiff's counsel in this case.

It bears emphasis that Attorneys' withdrawal as Plaintiff's counsel will cause no prejudice. This case is in its infancy. Defendants have not even been served Plaintiff's Complaint. The Court recently Ordered that the Plaintiff file its joint letter and proposed case management plan by October 1, 2024.[2] Undersigned counsel has filed a Motion for Extension of Time regarding the case management plan. Additionally, Attorneys are requesting an ex-parte conference with the Court to discuss the basis which has caused Attorneys' withdrawal.

Attorneys are asserting a retaining and/or charging lien against Plaintiff in connection with this case, if it should continue in this Court, to recover all unpaid quantum meruit fees and expenses owed Attorneys, including fees and costs Plaintiff owes to Attorneys for services provided in connection with this case and other matters.

Accordingly, Attorneys respectfully requests that the Court enter an Order relieving Attorneys as counsel for Plaintiff.

---

[1] A copy of that Agreement can be provided to the Court in an ex-parte hearing.
[2] ECF 25

2

**STATEMENT OF FACTS**

The facts relevant to this motion are set forth in the accompanying declaration of Ariel Mitchell-Kidd, Esq. and Steven Metcalf, Esq.

**ARGUMENT**

Local Civil Rule 1.4 provides, in full, as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

"When considering whether to grant a motion to be relieved as counsel, 'district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *TufAmerica, Inc. v. Codigo Music LLC*, No. 11 Civ. 1434 (ER), 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017).

I. **THERE ARE FOUR INDEPENDENT AND SATISFACTORY REASONS TO GRANT ATTORNEYS' REQUEST TO WITHDRAW AS THE PLAINTIFF'S COUNSEL**

Attorneys' request to withdraw is based on four independent grounds, each of which constitutes a "satisfactory reason" for a Motion for Withdrawal under Local Civil Rule 1.4.

    a. **First, the Plaintiffs have provided conflicting instructions that make it unreasonably difficult for Attorneys to effectively represent the Plaintiff.**

A lawyer may also "seek to withdraw [from a case] when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citation omitted); *accord Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC)(SN), 2020 WL 8838048, at *1 (S.D.N.Y. June 24, 2020). Here, that is precisely what has happened because Plaintiff has provided Attorneys conflicting instructions. To protect attorney-client privilege, we will not go into detail here as to the ever-evolving and conflicting demands and requests Plaintiff has made of Attorneys as it

3

pertains to the claims raised in this case, as well as what Attorneys were instructed to relay to Defendants and other third-parties. Accordingly, this is another independent and "satisfactory reason" to grant Attorneys' Motion to Withdraw as Plaintiff's counsel.

### b. Second, there has been a breakdown in the attorney-client relationship between Attorneys and the Plaintiff.

There has also been a breakdown of the Attorney-Client relationship between Attorneys and Plaintiff because (i) Plaintiff has provided Attorneys conflicting instructions and (ii) there are irreconcilable differences between Attorneys and the Plaintiff. This constitutes a "satisfactory reason" for withdrawal under Local Civil Rule 1.4. *See Nikonov v. Flirt NY, Inc.*, No. 1:19-cv-07128 (SDA), 2021 WL 4198231, at *2 (S.D.N.Y. Sept. 14, 2021) ("Satisfactory reasons for withdrawal include, for example, an acrimonious relationship developing between the law firm and the Plaintiff"); *see also Ameruso v. City of New York*, No. 15-CV-03381 (RA) (BCM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) ("A deterioration in the Attorney-Client relationship can provide adequate ground for withdrawal even where the client objects").

Accordingly, the Court must grant Attorneys' Motion to Withdraw as Plaintiff's counsel.

### c. Third, there are irreconcilable differences with Plaintiff.

Under Rule 1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9

4

(S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

As a result of a fundamental disagreement between Attorneys and Plaintiff regarding almost every aspect of the litigation, including settlement demands, causes of actions in the pleadings and Plaintiff's undermining behavior and questionable antics an irreconcilable conflict and tension has developed between Plaintiff and Attorneys. Recent communications with Plaintiff, in particular, were heated and contentious and was emblematic of previous conflicts between Plaintiff and Attorneys where Plaintiff was warned about her tone and lack of respect. This made it clear that there has been a significant erosion of the Attorney-Client relationship. Plaintiff and Attorneys have extremely diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in prosecuting this lawsuit. Accordingly, Plaintiff's destructive and undermining actions have seriously impaired Attorneys' ability to represent her.

d.  **Fourth, Plaintiff violated an Agreement between Plaintiff and Counsel signed on Tuesday, September 24, 2024 on Thursday, September 26, 2024.**

After being warned several times by Attorneys about Plaintiff's tone and lack of respect and Plaintiff's continued behavior and self-destructive activities, Attorneys tried to mitigate further damage Plaintiff was causing her case, and herself. Attorneys and Plaintiff therefore entered into a separate Agreement on September 24, 2024, in an attempt to prevent Plaintiff from continuously undermining Attorneys' efforts and her overall case. Plaintiff subsequently breached that Agreement on September 26, 2024, thereby forcing Attorneys to have no other choice but to withdraw. It should be noted that even after breaching the Agreement and being told Attorneys would no longer represent Plaintiff due to the breach, Plaintiff continued to text Attorneys as if nothing had happened. Attorneys were recently contacted by another law firm who Plaintiff contacted for representation, after Plaintiff violated the Agreement on September 26, 2024 causing Attorneys' withdrawal, and therefore should not object and/or protest to the Court's the withdrawal of Attorneys as Counsel of Record.

e.  **Withdrawal of Counsel Will Not Prejudice Plaintiffs**

Plaintiff will not be prejudiced by Attorneys withdrawal as counsel. There are currently pending deadlines on the docket of October 1st, which has been requested by Motion to be extended if the Court believes this case should continue after Attorneys' have the opportunity to have an ex-parte hearing with the Court. Further, Plaintiff has sought new counsel who is deciding on whether or not they will continue with the case given the Court's decision after the ex-parte hearing.

**CONCLUSION**

In an effort not to prejudice Plaintiff, Attorneys have intentionally left out key details and examples of Plaintiff's actions which led to Attorneys decision to withdraw as counsel. Attorneys believe the Court must hear these details and hereby respectfully requests that the Court hold an ex-parte hearing so the Attorneys may share the undisclosed details off the record.

For the foregoing reasons, Attorneys from The Law Office of Ariel Mitchell, P.A. and Metcalf and Metcalf, Ariel Mitchell-Kidd and Steven Metcalf II respectfully requests that the Court grant their Motion to Withdraw as counsel of record for Plaintiff.

Respectfully submitted,

Dated: New York, New York
October 1, 2024

The Law Office of Ariel Mitchell, P.A.

/s/ *Ariel Mitchell-Kidd, Esq.*

Ariel Mitchell-Kidd, Esq.
500 NW 2nd Ave., #12864
Miami, FL 33101
P: 305-903-5835

Metcalf & Metcalf, P.C.

/s/ *Steven A. Metcalf II, Esq.*

Steven A. Metcalf II, Esq.
99 Park Ave, Suite 810
New York, NY 10016
P: 646-253-0514