| | | |
|---|---|---|
| Anne Andrews<br>Sean T. Higgins<br>Robert S. Siko<br>Ryan McIntosh<br>Kimberly M. DeGonia<br>Roy BenDavid<br>Leilah Rodriguez<br>Zack Bierscheid<br>Brittany Emsais | **ANDREWS**<br>**THORNTON**<br>**Attorneys at Law, A Law Corporation**<br>4701 Von Karman, Suite 300<br>Newport Beach, California 92660<br>Tel: 949.748.1000 Fax: 949.315.3540<br>info@andrewsthornton.com | www.andrewsthornton.com<br>AndrewsThorntonBlog.com<br> |

December 9, 2024

**The Honorable Analisa Torres**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15D
New York, NY 10007-1312

### RE: <u>English v. Combs et. al., Case No.: 1:24-cv-05090-AT</u>

To the Honorable Analisa Torres,

Plaintiff, Adria English, respectfully requests an extension of time to serve a copy of her Complaint on Defendants: Sean Combs, Jacob Arabov, Bad Boy Entertainment Holdings, Inc., Combs Global Enterprises, John and Jane Does 1-10, Organizational Does 1-10, Penske Media Corporation, Sean John Clothing LLC, Inc., Tamiko Thomas, and Vibe Magazine.

The original deadline for service was November 4, 2024, ninety days after the initial filing of the Complaint.

Since at least October of 2024, Plaintiff has been searching for replacement counsel, as necessary and as directed by the Court on October 11, 2024. On November 12, 2024, the court lifted its one month stay and required Plaintiff to resume Pro Se. The court further assigned Plaintiff a service deadline of December 10, 2024.

Plaintiff has diligently been searching for representation but had no success until now. Andrews & Thornton Law Firm and our local co-counsel at Kagen, Caspersen, and Bogart P.L.L.C., are formally requesting to be substituted as Plaintiff's counsel at the same time as filing this letter motion on Monday, December 9, 2024. Pro hac vice forms to follow.

Due to this recent substitution, Plaintiff's counsel has not yet had adequate time to review and make necessary changes to the complaint prior to service. When serving and filing a complaint, counsel is implicitly affirming the accuracy of the information within the complaint under penalty of perjury. Without adequate time to ensure the information presented by Plaintiff's prior counsel is truthful and accurate, Plaintiff's counsel would run afoul of its duty to ensure the complaint's accuracy.

Further, Plaintiff's previous attorneys failed to follow proper procedures of the Court. Plaintiff should not be penalized for her prior attorney's errors in failing to serve Defendants' counsel.

Plaintiff has not requested a formal extension previously, however the court graciously granted her one upon relieving her formal counsel, Ariel Mitchell, when Plaintiff was assigned Pro Se

1

status. Plaintiff's new counsel is subbing into the case as of December 9, 2024 and respectfully requests a 30-day extension of time to serve the properly filed and amended Complaint on Defendants. Plaintiff's counsel assures the Court that this extension will not prejudice Defendants.

Plaintiff's counsel contacted Defendants' attorneys as soon as possible to request their consent for an extension on December 6, 2024, and their position was that they would need to discuss the matter further with their client.

Thank you for your time and consideration.

Sincerely,

ANDREWS & THORNTON

_____
Anne Andrews
Attorney for Plaintiff


KAGEN, CASPERSEN, & BOGART P.L.L.C.

_____
Joel Taylor
Attorney for Plaintiff