UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIA ENGLISH,

*Plaintiff*,

-against-

SEAN COMBS also known as P.DIDDY, DIDDY, PUFF, PUFF DADDY, PUFFY, BROTHER LOVE" (an Individual), BAD BOY ENTERTAINMENT HOLDINGS, INC. (a corporation), SEAN JOHN CLOTHING L.L.C., INC. (a corporation), COMBS GLOBAL ENTERPRISES (a corporation), JOHN AND JANE DOES 1-10, and ORGANIZATIONAL DOES 1-10, Inclusive

   *Defendants*

Case No.: 1:24-cv-05090

Hon. Judge Torres

---

KIMBERLY DEGONIA**,** under penalty of perjury, declares as follows:

　　1.　　I have been admitted *pro hac vice* to practice before this Court, and am admitted to the Bar of the State of California, by Kagen Casperson & Bogart PLLC ("KCB"), counsel along with Andrews & Thornton, AAL, ALC ("A&T") and the Watts Firm LLP ("Watts"), (collectively "the Firms") to plaintiff Adria English. I am fully familiar with the facts stated herein and make this affidavit in support of the Firm's motion to withdraw as counsel to plaintiff Adria English.

　　2.　　A&T and Watts were retained December 6, 2024, to represent Plaintiff in this action. Plaintiff signed a retainer agreement with A&T and Watts for her representation. On or about December 06, 2024 KCB was retained to act as local counsel.

　　3.　　Significant differences, including but not limited to a breakdown in communications and a breakdown in the attorney-client relationship, have arisen between the

1

Firms and Plaintiff as to the appropriate approach to our representation of them in this case, and an irrevocable breach has developed. To put it simply, Plaintiff wishes to pursue an approach we believe to be imprudent and with which we disagree.

4. Watts was retained on a co-counsel basis and has not made any appearances or *pro hac vice* applications. atts and KCB have indicated their firms wish to join this motion to withdraw, explaining their firms were relying on A&T for the substantial experience regarding the Sexual Abuse and violation of Trafficking Victims' Protection Act litigation.

5. We have given multiple warnings to Plaintiff that we would have to withdraw unless she was able to be receptive to our legal advice and conduct herself in a manner to aid in our representation of her case.

6. No prejudice to the other parties in this action would result from the withdrawal of the Firms. The matter is still in the early stages and no dispositive motions have been made.

7. Plaintiff has been made aware of our intent to withdraw and is actively seeking out alternative counsel.

8. Local Civil Rule 1.4(b) provides, that: "an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case," Local Civ. R. 1.4(b). The Firms have provided satisfactory reasons for withdrawal. A&T has not made appearances to date, though the Court granted their *pro hac vice* requests.

9. Under Rule 1.16(c)(4) of The New York State Rules of Professional Conduct ("NYSRPC"), a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." N.Y. State Rules of

Prof. Cond. R. 1.6(c)(4).

10. Furthermore, under Rule 1.16(c)(7) of the NYSRPC, the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. State Rules of Prof. Cond. R. 1.6(c)(7). The foregoing provisions are applicable to the instant circumstances.

11. Under NYSRPC Rule 1.16(c)(7), a lawyer may withdraw from representation where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. State Rules of Prof. Cond. R. 1.6(c)(7). Similarly, under California Rules of Professional Conduct Rule 1.16(b)(4), a lawyer may withdraw from representing a client if, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rules of Prof. Cond. R. 1.6(b)(4). Finally, the Texas Disciplinary Rules of Professional Conduct Rule 1.15(b)(6) states that, a lawyer shall *not* withdraw from representing a client *unless*, "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." (Tex. Disciplinary Rules. of Prof. Cond. R. 1.15(b)(6). The foregoing provisions are applicable to the instant circumstances.

12. Wherefore, the Firms respectfully request that the Court issue an order granting (1) the Firms leave to withdraw as counsel for Plaintiff; (2) a 60-day stay on all deadlines and proceedings, to allow for Plaintiff to obtain alternative Counsel; and (3) for such other and further relief as this Court deems just and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 10, 2025

*[signature]*

Anne Andrews, Esq.
Sean Thomas Higgins, Esq.
Kimberly DeGonia, Esq.
Ryan McIntosh, Esq.
ANDREWS & THORNTON

survivor@andrewsthornton.com

Attorney for Plaintiff

4