UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIA ENGLISH,

                        *Plaintiff*,

   -against-

SEAN COMBS also known as P.DIDDY, DIDDY, PUFF, PUFF DADDY, PUFFY, BROTHER LOVE" (an Individual), BAD BOY ENTERTAINMENT HOLDINGS, INC. (a corporation), SEAN JOHN CLOTHING L.L.C., INC. (a corporation), COMBS GLOBAL ENTERPRISES (a corporation), JOHN AND JANE DOES 1-10, and ORGANIZATIONAL DOES 1-10, Inclusive

                        *Defendants*

Case No.: 1:24-cv-05090

Hon. Judge Torres


**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO WITHDRAW AS COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................................... 2

ARGUMENT ................................................................................................................................... 2

I. THERE ARE THREE INDEPENDENT AND SATISFACTORY REASONS TO GRANT ATTORNEYS' REQUEST TO WITHDRAW AS PLAINTIFF'S COUNSEL ........ 3

    A. There Has Been a Breakdown of Communication And Attorney—Client Relationship Between Attorneys And Plaintiff ....................................................................................... 3

    B. There are Irreconcilable Differences Between Attorneys and Plaintiff .............................. 4

    C. Plaintiff's Conduct Has Rendered It Unreasonably Difficult for Counsel to Represent Her ........................................................................................................................................ 5

CONCLUSION ................................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Ameruso v. City of New York,*
   2016 WL 1697602 (S.D.N.Y. Apr. 27, 2016) ........................................................................ 3

*Bijan Karimian v. Time Equities, Inc.,*
   2011 U.S. Dist. LEXIS 51916 (S.D.N.Y. May 11, 2011) ..................................................... 4

*City Merchandise Inc. v. Tian Tian Trading Inc.,*
   2021 WL 119075 (S.D.N.Y. Jan. 13, 2021) ..................................................................... 3, 4

*Farmer v. Hyde Your Eyes Optical, Inc.*,
   60 F. Supp. 3d 411 (S.D.N.Y. 2014) .................................................................................. 4

*Hallmark Capital Corp. v. Red Rose Collection, No.*
   1997 U.S. Dist. LEXIS 16328 (S.D.N.Y. Oct. 21, 1997) ..................................................... 4

*Naguib v. Pub. Health Sols.,*
   2014 WL 2002824 (E.D.N.Y. May 15, 2014) ..................................................................... 4

*Whiting v. Lacara*,
   187 F.3d 317 (2d Cir. 1999) (per curiam) ........................................................................... 3

*Winkfield v. Kirschenbaum & Phillips, P.C.,*
   2013 WL 371673 (S.D.N.Y. Jan. 29, 2013) ........................................................................ 3

**Rules**

Local Civil Rule 1.4 ...................................................................................................... 1, 2, 3

Texas Disciplinary Rule of Professional Conduct 1.15 ......................................................... 5

New York State Rule of Professional Conduct 1.16 ......................................................... 4, 5

California Rule of Professional Conduct 1.16 ..................................................................... 5

Andrews & Thornton AAL, LLC, the Watts Firm, and Kagen Caspersen & Bogart PLLC (collectively the "Attorneys") respectfully submit this memorandum of law in support of their motion, pursuant to Local Civil Rule 1.4, (i) to withdraw as counsel for Plaintiff Adria English, and (ii) stay all proceedings in this action for sixty days to allow Ms. English time to obtain alternative counsel.

## PRELIMINARY STATEMENT

The Attorneys respectfully move the Court for an order granting them leave to withdraw as counsel for Plaintiff at this phase in the case based on numerous "satisfactory reasons" for withdrawal under Local Civil Rule 1.4. Local Civ. R.1.4. First, there has been a breakdown in communication between the attorney and client resulting in a breakdown of the attorney-client relationship between the Attorneys and Plaintiff. Second, there are irreconcilable differences with the Attorneys and Plaintiff. Third, Plaintiff's conduct has made it unreasonably difficult for Attorneys to represent her. Therefore, it is impossible for Attorneys to serve as Plaintiff's counsel on this case.

Attorneys' withdrawal as counsel will cause no prejudice to Plaintiff's case if the requested relief is granted. This case remains in the early stages. Defendants counsel has until March 10, 2025, to file their response to Plaintiff's First Amended Complaint and the joint letter and proposed case management plan needs to be filed by March 13, 2025.

Accordingly, Attorneys respectfully request that the Court enter an order granting them leave to withdraw as counsel for Plaintiff and staying all proceedings for sixty days to provide Plaintiff time to retain alternative counsel.

## STATEMENT OF FACTS

Plaintiff retained the Attorneys in December 2024. *See* Declarations of Kimberly Degonia and Joel M. Taylor. Since that time, there have been multiple instances of disagreements between Attorneys and Plaintiff as to how to proceed with the case, as well as regarding Plaintiff's conduct. *See* Degonia Decl. Attorneys and Plaintiff have been unable to communicate and agree to a litigation strategy. Additionally, communication between Attorneys and Plaintiff has become increasingly frustrated, culminating in a breakdown of the attorney-client relationship. *See id.*

Attorneys and Plaintiff have had several conversations regarding these matters, with no resolution. During one of these such conversations Plaintiff agreed that the best next step for everyone would be for the Attorneys to withdraw as Plaintiffs counsel only for Plaintiff to withdraw her consent a few hours later. As such, Plaintiff is appraised of the Attorneys' intention to withdraw as counsel, subject to the Corut's permission, and Plaintiff is actively looking to retain alternative counsel. *See Id.*

## ARGUMENT

Local Civil Rule 1.4(b) provides, in its entirety, as follows:

> Except where an attorney has filed a notice of limited-scope appearance as set forth in subsection(c), an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining a charging lien. While a motion to withdraw is required whenever an attorney seeks to be relieved, an affidavit is unnecessary if (1) another attorney from the same firm, agency, or organization has already entered a notice of appearance on behalf of the client and will remain on the case or (2) upon substitution of counsel by stipulation, if the stipulation is also signed by the client and, at the time of substitution, the new attorney does not intend to seek modification of any existing deadlines or dates for court appearances in the case.
> All motions to withdraw must be served upon the client and (unless excused by the Court) upon other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.

Local Civ. R. 1.4(b). Thus, when considering whether to grant a motion to withdraw under Local Civil Rule 1.4, a court must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *See, e.g., Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). With respect to the latter factor, a court must consider "the posture of the case" and "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (per curiam) (alteration and internal quotation marks omitted).

**I.   THERE ARE THREE INDEPENDENT AND SATISFACTORY REASONS TO GRANT ATTORNEYS' REQUEST TO WITHDRAW AS PLAINTIFF'S COUNSEL**

Attorneys' request to withdraw should be granted, as it is based on three different "satisfactory reasons" for a Motion to Withdraw, under Local Civil Rule 1.4. Local Civ. R. 1.4.

**A.   There Has Been a Breakdown of Communication and Attorney—Client Relationship Between Attorneys And Plaintiff**

There has been a breakdown of communication between Attorneys and Plaintiff as she is not receptive to Attorneys' legal advice and instructions. In fact, Plaintiff has not been receptive to communication with Attorneys, not answering calls and requests to communicate. This constitutes a "satisfactory reason" for withdrawal under Local Civil Rule 1.4. Local Civ. R. 1.4; *See City Merchandise Inc. v. Tian Tian Trading Inc.,* No. 1:19-CV-09649-MKV, 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) ("Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal. *See Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999)); *see also Ameruso v. City of New York,* No. 15-CV-03381 (RA) (BCM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) ("A deterioration in the Attorney- Client relationship can provide adequate ground for withdrawal even where the client objects").  Accordingly, the Court should grant Attorneys' Motion to Withdraw as

3

Plaintiff's Counsel.

### B. There are Irreconcilable Differences Between Attorneys and Plaintiff

Under Rule 1.16(c)(4) of The New York State Rules of Professional Conduct ("NYSRPC"), a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." N.Y. State Rules of Prof. Cond. R. 1.6(c)(4). Furthermore, under Rule 1.16(c)(7) of the NYSRPC, the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. State Rules of Prof. Cond. R. 1.6(c)(7).

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."; *City Merchandise Inc. v. Tian Tian Trading Inc.,* No. 1:19-CV-09649-MKV, 2021 WL 119075, at *2 (S.D.N.Y. Jan. 13, 2021) "Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.' " [*Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 411,445 (S.D.N.Y. 2014) (quoting *Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014)).

As a result of disagreement between Attorneys and Plaintiff regarding differing opinions on strategy and communication, irreconcilable differences have developed between Attorneys and Plaintiff. As such, there have been irreconcilable differences regarding strategy in this lawsuit and the levels of communication that is appropriate. Accordingly, the Court should grant Attorneys'

4

Motion to Withdraw as Plaintiff's Counsel.

### C.    Plaintiff's Conduct Has Rendered It Unreasonably Difficult for Counsel to Represent Her

Under NYSRPC Rule 1.16(c)(7), a lawyer may withdraw from representation where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. State Rules of Prof. Cond. R. 1.6(c)(7). Similarly, under California Rules of Professional Conduct ("CARPC") Rule 1.16(b)(4), a lawyer may withdraw from representing a client if, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rules of Prof. Cond. R. 1.6(b)(4). Finally, the Texas Disciplinary Rules of Professional Conduct Rule 1.15(b)(6) states that, a lawyer shall *not* withdraw from representing a client *unless*, "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Tex. Disciplinary Rules. of Prof. Cond. R. 1.15(b)(6).

Therefore, according to the local rules of professional conduct for all three of the states where Attorneys' firms are located, including that where the Court sits, counsel may withdraw from representation where the client is not cooperating and making representation unreasonably difficult. Accordingly, the Court should grant Attorneys' Motion to Withdraw as Plaintiff's Counsel.

Plaintiff was warned several times of her self-destructive conduct and conduct that was impacting Attorneys' ability to represent her. Attorneys attempted to work with Plaintiff to mitigate the damage to her case and prevent her from undermining Attorneys advice and efforts on her case. Against legal advice Plaintiff has continued that conduct. This continued conduct has made it unreasonably difficult for Attorneys to continue to represent her.

5

## II.    WITHDRAWAL OF COUNSEL WILL NOT PREJUDICE PLAINTIFF

Since retaining Plaintiff on this matter in December 2024, the case has not progressed far. In fact, all that Attorneys have been able to do since taking on Plaintiff's case is filing a First Amended Complaint and holding a Rule 26 conference. During this conference Attorneys disclosed to Defendants' counsel their intent to file a Motion to Withdraw and ask the Court for a 60 day stay.  Defendants' counsel informed the undersigned that Defendants do not oppose the motion to withdraw, but that they do oppose our request for a 60-day stay.  Defendants' counsel joins us, however, in requesting an adjournment of the March 13, 2025 deadline to file a joint letter and case management plan: Whereas the undersigned counsel seek a 60-day stay of that March 13, 2025 deadline and any further obligations to conduct a Rule 26 conference, Defendants' counsel informs us their position is that deadline and any further obligation to conduct a Rule 26 conference should be adjourned until two weeks after the Court resolves the instant Motion.  The Court does not have any pending Motions before it, and the only upcoming deadlines on the case are that: Defendants' counsel has until March 10, 2025 to file their response to Plaintiff's First Amended Complaint and the joint letter and proposed case management plan needs to be filed by March 13, 2025, both of which were ordered by the Court in January 2025. Thus, it will not prejudice Plaintiff to have Attorneys withdraw from her case if the requested stay is granted.

Attorneys are also requesting that the Court stay all proceedings and upcoming deadlines by 60 days from the date the Court signs the Order, to allow Plaintiff to obtain alternative Counsel. It will not prejudice Plaintiff to stay these deadlines until Attorneys have been removed from the case and she has been able to retain alternative counsel. In fact, this plan would work in her best interest, as it would allow her new counsel to handle all discussions, meetings, and proceedings moving forward.

## **CONCLUSION**

For the foregoing reasons, Attorneys respectfully request that the Court (i) grant them leave to withdraw as counsel for Plaintiff, and (ii) stay all proceedings in this action for sixty days to allow Plaintiff to obtain alternative counsel. Attorneys are not requesting a charging lien.

Dated: March 10, 2025

ANDREWS & THORNTON

_____
Anne Andrews, Esq.
Sean Thomas Higgins, Esq.
Kimberly DeGonia, Esq.
Ryan McIntosh, Esq.
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
survivor@andrewsthornton.com

*Attorney for Plaintiff*

KAGEN, CASPERSEN & BOGART
/s/ Joel Taylor_____
Joel Taylor
551 Madison Avenue, 12th Floor New York, NY 10022
jtaylor@kcbfirm.com
Tel: 212-880-2045
*Attorneys for Plaintiff*