**SHER TREMONTE LLP**

April 1, 2025

**BY ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *English v. Combs et al.*, 24-cv-5090 (AT)

Dear Judge Torres:

      We write on behalf of Defendants[1] in connection with the above-referenced case in response to Plaintiff's (renewed) request for a sixty-day extension of time to secure her third set of counsel. In light of the history of this action, Plaintiff should not be afforded another lengthy adjournment in the hopes that she can persuade yet a third set of attorneys to pursue her baseless claims.

      **Relevant Background**

      Plaintiff initiated this action through her first counsel, Ariel Mitchell-Kidd, on July 3, 2024. ECF No. 1. On October 3, 2024, Ms. Mitchell-Kidd moved to withdraw. *See* Mot. to Withdraw (Oct. 2, 2024) ECF No. 29 at 2 (the "First Motion to Withdraw"). In her motion, Ms. Mitchell-Kidd sought to withdraw on multiple bases, all stemming from counsel's disagreement with Plaintiff's conduct in her prosecution of these claims. In Ms. Mitchell-Kidd's words: "As a result of a fundamental disagreement between Attorneys and Plaintiff regarding almost every aspect of the litigation, including settlement demands, causes of action in the pleadings and Plaintiff's undermining behavior and questionable antics an irreconcilable conflict and tension has developed between Plaintiff and Attorneys." *Id.* at 5.

      In addition to describing the breakdown of the attorney-client relationship at a high level, Ms. Mitchell-Kidd also requested an *ex-parte* conference with the Court to disclose "key details and examples of Plaintiff's actions" that led to counsel's withdrawal application. Ms. Mitchell-Kidd even suggested that upon hearing such details, the Court might conclude the case should not proceed at all. *See* ECF No. 29 at 6 (". . . if the Court believes this case should continue after the Attorneys[] have the opportunity to have an ex-parte hearing with the Court"). Though the Court declined to hold an *ex parte in camera* hearing, it did receive an *ex parte* letter and supporting materials providing additional detail

---

[1] Defendants include Sean Combs ("Mr. Combs"), Bad Boy Entertainment Holdings, Inc. ("BBE"), Sean John Clothing LLC (i/s/a Sean John Clothing LLC, Inc.), and CE OpCO, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC (incorrectly sued as Combs Global Enterprises) (collectively, without Mr. Combs, the "Corporate Defendants").

The Honorable Analisa Torres
April 1, 2025
Page **2** of **4**

concerning Ms. Mitchell-Kidd's motion to withdraw. *See* ECF No. 30. Approximately one week later, the Court granted Ms. Mitchell-Kidd's motion and stayed the case for one month for Plaintiff to find new counsel or proceed *pro se*. *See* ECF No. 31. During that time, the ninety-day window for service of a summons and complaint on Defendants expired. *See* ECF No. 32. The Court granted Plaintiff an additional thirty days to serve the complaint that she had originally filed with the Court five months earlier. *Id.*

On December 9, 2024, new counsel, Joel Malen Taylor and his colleagues, appeared on Plaintiff's behalf and sought and received another thirty-day extension of time to serve the summons and first amended complaint (the "Complaint"). *See* ECF Nos. 34-35.

Two months after Mr. Taylor and his colleagues first appeared, they too filed a motion to withdraw. *See* Mot. to Withdraw (Mar. 10, 2025) ECF No. 65 (the "Second Motion to Withdraw"). Like Ms. Mitchell-Kidd, Mr. Taylor identified multiple independent bases for his requested withdrawal, including irreconcilable differences with Plaintiff, Plaintiff's inability (or unwillingness) to communicate with her counsel, and Plaintiff's "self-destructive conduct" "that was impacting [counsel's] ability to represent her." *Id.* at 6-8. As in the First Motion to Withdraw, the Second Motion to Withdraw reflected that Mr. Taylor and his colleagues "attempted to work with Plaintiff to mitigate the damage to her case and prevent her from undermining her Attorneys [sic] advice and efforts on her case," that Plaintiff had refused to take counsel's advice and continued her destructive conduct, and that her conduct "has made it unreasonably difficult for Attorneys to continue to represent her." *Id.* at 5. Like Plaintiff's first counsel, Plaintiff's second counsel also cited Rule 1.16(c)(4) of the New York State Rules of Professional Conduct, which permits a lawyer to withdraw from representation when "the client insists upon taking action with which the lawyer has a fundamental disagreement." *Id.* at 7-8.

The following day, on March 11, 2025, the Court directed Mr. Taylor to submit, for *in camera* review, a declaration providing additional information about the circumstances of counsel's withdrawal application, and counsel and Plaintiff's understanding as to "appropriate next steps." ECF No. 68. Approximately one week after Mr. Taylor made his *in camera* submission, the Court granted the Second Motion to Withdraw. *See* ECF No. 70. In the Second Motion to Withdraw, Plaintiff's outgoing counsel had requested, on her behalf, to stay the litigation for sixty days to give Plaintiff time to locate (a third set of) attorneys. ECF Nos. 64. The Court did not grant that request, and instead ordered proceedings to be stayed only until March 26, 2025, at which time the Court would lift the stay, whether or not Plaintiff had secured new counsel. *Id.*

The day before the stay was scheduled to be lifted, Plaintiff made the instant request for a sixty-day extension of time to find counsel. *See* ECF Nos. 71, 72.[2] In support of her request, Plaintiff alleged that this is her "first request for an extension," that she has been "actively seeking legal representation," that she has found a Virginia-based attorney who

---

[2] Plaintiff's extension requests, ECF Nos. 71 and 72, appear to be identical.

The Honorable Analisa Torres
April 1, 2025
Page **3** of **4**

is looking for local New York counsel to appear on her behalf, and that she requires additional time to find counsel because of "logistical challenges of securing new representation" in New York while "residing in California." ECF No. 71 at 1. Plaintiff further characterized her prior attorneys' withdrawals as "unexpected." *Id.*

**Defendants' Position**

Plaintiff should not be afforded another opportunity to delay these proceedings and continue to waste the Court and Defendants' time and resources.

First, if the Court grants Plaintiff's requested sixty-day extension, this case will have been pending for nearly a year before Plaintiff is finally forced to address the shortcomings in her action, as outlined in Defendants' pre-motion letter for a conference on Defendants' anticipated motion to dismiss. *See* ECF No. 67 ("Pre-Motion Letter"). Defendants intend to move to dismiss all eight of Plaintiff's causes of action with prejudice as insufficiently pled and time-barred, among other bases. *Id.* The Complaint is fatally flawed, and Defendants should not be prejudiced by any further extensions that will delay the parties and the Court from addressing the arguments in Defendants' forthcoming motion to dismiss.

Second, given Plaintiff's track record in this case, there is no reason to believe that another adjournment for another lawyer to appear will not lead to the same result— Plaintiff proceeding *pro se.* In the short life of this case, Plaintiff has already burned through two sets of lawyers, both of which have identified serious concerns with the manner in which Plaintiff has conducted herself in pursuing these claims. Given the concerns publicly reflected on the docket, it is unlikely a third set of lawyers will agree to represent Plaintiff, and even more unlikely that if they *did* they would remain in the case for long. Indeed, that Plaintiff will face significant challenges retaining new counsel is, so far, borne out by Plaintiff's report to the Court that she has not been able find a New York attorney to represent her. *See* ECF No. 71.[3] Another adjournment for Plaintiff to find counsel will not advance this case because Plaintiff is extremely unlikely to find counsel. And even if Plaintiff manages to obtain a third set of lawyers, it is quite likely (because Plaintiff has shown she is unable to work with any counsel) that any lawyer who becomes involved in the case will promptly withdraw, but not until the case has been further, needlessly delayed at Defendants' expense.

Finally, that not one, but two separate teams of lawyers, across at least four different law firms, have invoked New York State Rule of Professional Conduct 1.6(c)(4) ("Rule 1.6(c)(4)") as a basis for withdrawal, presents a very real risk that Plaintiff – if afforded additional time to recruit new lawyers – will attempt to use counsel to legitimize an improper agenda. Rule 1.6(c)(4), which is cited in both the First and Second Motions to Withdraw, permits an attorney to withdraw "where 'the client insists upon taking

---

[3] Apparently Plaintiff has not even been able to find an attorney in her home state of California willing to take on this case; it seems the only attorney who has expressed any willingness to represent her is in Virginia, a jurisdiction bearing no nexus at all to the parties or the action. *Id.*

The Honorable Analisa Torres
April 1, 2025
Page **4** of **4**

action with which the lawyer has a fundamental disagreement.'"  *See* ECF No. 29 at 4; ECF No. 65 at 7.  While prior counsel did not publicly describe the "fundamental disagreement" they had with Plaintiff, reading between the lines of prior counsels' public filings, there is good cause for concern that Plaintiff is not operating in good faith and continues to put her counsel in impossible positions, resulting in their withdrawals.

      Plaintiff's conduct should not be further countenanced.  Plaintiff should be required to either promptly defend against Defendants' forthcoming motion to dismiss or finally withdraw her frivolous lawsuit. Her request for a sixty-day stay should be denied.

                            Respectfully submitted,

                            */s/ Erica A. Wolff*

                            Erica A. Wolff