Jeffrey S. Shelly, Esq.

300 Tamarack Road  Summit,
New York 12175

jshelly@shellylawllc.com

(518) 257-6428

May 9, 2025

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, N.Y. 10007-131210

      RE: *Adria English-Marcey v. Comb, et al.* 24-cv-5090

Dear Judge Torres:

      I am part of the team representing Plaintiff Adria English-Marcey in the above-referenced matter and write pursuant to the Court's Memo Endorsement of April 30, 2025 (Docket No. 90) which granted Plaintiff until May 16, 2025 to, *inter alia*, seek leave to amend.

      In accordance with Your Honor's Individual Practice Rule III.B.ii., Plaintiff hereby requests leave to amend her Complaint.  Having reviewed the issues raised by Defendants, Plaintiff's current counsel believes that amendment of the Complaint is appropriate in order to better streamline Plaintiff's claims and eliminate the need for a motion to dismiss.

      Moreover, it appears that some of the issues raised by Defendants in this case will likely be resolved in the current criminal trial involving Mr. Combs, as well as in pending appeals before the Second Circuit Court of Appeals.

      For example, Defendants contend that Plaintiff's claim based upon the NYC Victims of Gender-Motivated Violence Protection Act ("VGMVPL") is preempted by both the New York State Child Victim's Act, and the Adult Survivors Act.  However, that issue will be resolved in pending appeals of *Doe v. Black*, No. 25-564 (2d Cir.) and *Parker v. Tal Alexander et al.*, No. 25-487 (2d Cir.).  On that issue alone, at least one District Court in the Southern District of New York has recently stayed its action until resolution by the Second Circuit, finding that "[b]oth

parties stand to benefit from gaining clarity on the scope of the (VGMVPL)." *Doe v. Alexander*, No. 25 Civ. 1631 (JAV) 2025 U.S. Dist. LEXIS 79557 (S.D.N.Y. April 25, 2025)(quotations and citations omitted).

      Accordingly, permitting Plaintiff the opportunity and time to amend her Complaint, guided by the decisions of these Courts, will benefit both Plaintiff and Defendants "before engaging in potentially expensive – and uncertain – litigation." *Id.* Similarly, it should also eliminate any unnecessary burden upon this Court.

      As a result, Plaintiff requests leave to file her amended Complaint within thirty days after a decision from the Second Circuit in the above-referenced appeals, or whatever time the Court deems just and proper.

      Thank you for the Court's consideration of this matter.

      Respectfully submitted,

      /s/ Jeffrey S. Shelly
      Jeffrey S. Shelly, Esq.