May 27, 2025

**BY ECF**
The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *English v. Combs et al.*, 24-cv-05090

Dear Judge Torres:

We write jointly on behalf of Plaintiff Adria English-Marcey and Defendants Sean Combs, Bad Boy Entertainment Holdings, Inc., Sean John Clothing LLC, and CE OpCO, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC ("Defendants"), pursuant to (1) the Court's Orders dated May 6, 2025 and July 9, 2024 (ECF Nos. 94, 6), which taken together directed the parties to file by May 27, 2025 a jointly proposed case management plan and joint letter setting forth (a) a brief description of the case, (b) any contemplated motions, and (c) the prospect for settlement, and (2) the Court's May 19, 2025 Order (ECF No. 97), which directed the parties to file by May 27, 2025 a joint letter concerning Defendants' position on Plaintiff's recent request to amend her Complaint, and the parties' positions on a stay pending the resolution of the *Doe v. Black* and *Parker v. Alexander* appeals.

### The Parties' Joint Description of the Case, Contemplated Motions, and Prospects for Settlement Pursuant to ECF Nos. 6, 94

**1.  Parties' Joint Description of the Case**

Plaintiff initiated this action through her prior counsel, Ariel Mitchell-Kidd and Steven Alan Metcalf II, on July 3, 2024. ECF No. 1. Roughly three months later, Ms. Mitchell-Kidd and Mr. Metcalf II moved to withdraw. ECF No. 29 at 5. On December 9, 2024, new counsel at Kagen, Caspersen & Bogart PLLC and Andrews & Thornton appeared for Plaintiff and thereafter filed a First Amended Complaint. ECF 47. On March 10, 2025, Plaintiff's second set of counsel sought and later obtained leave to withdraw as counsel for Plaintiff. ECF Nos. 65, 70. Plaintiff's current counsel first appeared on April 24, 2025, and on May 9, 2025 Plaintiff sought leave to amend her current complaint, and raised the possibility of staying the case pending resolution of two relevant appeals (discussed *infra*). ECF No. 96. The operative complaint at this time is Plaintiff's First Amended Complaint (the "FAC"), ECF No. 47, and to date, a proposed second amended complaint has not been filed or served.

In the operative complaint, Plaintiff alleges she was engaged by one or more Defendants to perform at events in Florida and Long Island between 2004 and 2009, and accuses Mr. Combs of sex trafficking and sexual assault. Mr. Combs denies these allegations. In addition to suing Mr. Combs, Plaintiff sues up to 500 unidentified persons (Jane and John Does 1—500) who she alleges were hired by Mr. Combs to stalk and harass her. Plaintiff also brings claims against Defendants Bad Boy Entertainment Holdings, Inc., Sean John Clothing LLC, and CE OpCO, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC ("Corporate Defendants").

Defendants deny all of the allegations in the Amended Complaint contending that they are facially implausible, incompatible with any viable legal theories of liability, without evidentiary support, and time barred. Plaintiff disagrees with Defendants, believes she has viable claims, and intends to amend her complaint following the resolution of two Second Circuit appeals which are expected to address issues relevant to Plaintiff's claims (as discussed further *infra*).

2. **Contemplated Motions**

As previewed in Defendants' pre-motion letter, Defendants intend to file a motion to dismiss this action with prejudice. ECF No. 67. Plaintiff's operative complaint asserts eight causes of action, all premised on allegations that she was sexually assaulted and trafficked by Mr. Combs, principally in Florida and Long Island between 2004 and 2009: (1) Violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595 (against Defendants); (2) Sexual assault and sexual harassment (against Mr. Combs); (3) Violation of New York City's Victims of Gender-Motivated Violence Protection Act ("GMVL"), N.Y.C. Admin. Code § 10-1104 (against Defendants); (4) Negligence (against Defendants); (5) Premises liability (against Mr. Combs); (6) Negligent infliction of emotional distress ("NIED") (against Defendants); (7) Intentional infliction of emotional distress ("IIED") (against Defendants); and (8) Battery (against Mr. Combs and BBE).

Defendants intend to move to dismiss the First Amended Complaint because they believe, *inter alia,* it fails to allege facts sufficient to state any of these causes of action and because the claims are time-barred.

3. **Prospect for Settlement.**

Counsel for Defendants has conveyed that settlement discussions would not be productive at this time.

### The Parties' Positions on a Stay Pending the Resolution of the *Black* and *Parker* Appeals

The undersigned counsel agree that a stay of this case is appropriate during the pendency of the two appeals, *Parker v. Alexander*, No. 25-487 (2d Cir.) and *Doe v. Black*, 25-564 (2d Cir.), cited in the Court's May 27, 2025 Order because those appeals directly relate to one of the Defendants' arguments for dismissal: *i.e.,* whether the GMVL revival window is preempted by New York state laws. As previewed in the Defendants' pre-motion letter (ECF No. 67), the Defendants intend to move to dismiss Plaintiff's claim as untimely because they believe it was not

2

filed within the GMVL's seven-year statute of limitations, and Plaintiff cannot rely on the GMVL revival window to render her claim timely because that revival window is preempted by state law. *See* ECF No. 67 at 3.

The Defendants' preemption argument is directly before the Second Circuit on the *Parker* appeal. In *Parker v. Alexander*, et al., No. 24 Civ. 4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), the district court dismissed plaintiff's GMVL claims, holding that the revival window was preempted by state law. Another district court reached a different conclusion in *Doe v. Black*, No. 23 Civ. 6418 (JGLC), 2024 WL 4335453, at *6 (S.D.N.Y. Sept. 27, 2024). The appeals from these two decisions have been ordered to proceed in tandem and are expected to resolve the GMVL preemption question. *See Parker v. Alexander*, No. 25-487 (2d Cir.) at ECF No. 19. The Second Circuit has placed *Parker* on an expedited schedule, under which the appellant's brief was filed on April 23, 2025, and the appellee's brief will be due on May 28, 2025. *See Parker*, No. 25-487 at ECF No. 12. Because the parties' briefing and the Court's decision on this issue will necessarily be affected by the Second Circuit's rulings on these appeals, the parties agree that the Court should stay this matter until *Parker* and *Black* are decided.

### **Defendants' Position on Plaintiff's Request to Amend the Complaint**

Plaintiff has requested leave to file a second amended complaint. Defendants believe any amendment to the FAC would be futile because Plaintiff cannot state any claims against Defendants; Defendants are unable to state a more specific position on Plaintiff's request to amend unless and until Plaintiff provides a proposed amended complaint. Thus, should the Court wish to hear further argument on the issue, the parties jointly propose that within thirty days of the Second Circuit's decisions in *Parker* and *Black*, Plaintiff would file a motion to amend and a proposed amended complaint. In such event, the parties further propose that within fourteen (14) days of Defendants' receipt of a proposed amended complaint, the parties file a joint status letter setting forth our respective positions regarding Plaintiff's proposed second amended complaint.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey S. Shelly* | */s/ Erica A. Wolff* |
| Jeffrey S. Shelly | Erica A. Wolff |
| | |
| *Counsel for Plaintiff Adria English-Marcey* | *Counsel for Defendants Sean Combs, Bad Boy Entertainment Holdings, Inc., Sean John Clothing LLC, and CE OpCO, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC* |